IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| BLAKE WELSH, ) ) *Petitioner*, ) ) v. ) ) JEFF DENNISON, ) Warden, Pinckneyville Correctional Center, ) ) *Respondent*. ) | No. 20 C 5614 Judge Virginia M. Kendall |

# MEMORANDUM OPINION AND ORDER

Petitioner Blake Welsh, a prisoner of Pickneyville Correctional Center, filed the present 28 U.S.C. § 2254 petition challenging his guilty plea in state court due to ineffective assistance of counsel. (Dkt. 3). For the reasons set forth below, Welsh's petition is denied.

## BACKGROUND

Blake Welsh was arrested on December 7, 2017 and charged with robbing his cousin, Carl Welsh,[1] of $450 with a firearm. (Dkt. 17-8 at 13). Under Illinois law, armed robbery carries a sentence of between 21 and 45 years' imprisonment. (Dkts. 17-8 at 14–17; 17-9 at 35).

---

[1] In the interest of clarity, Petitioner Blake Welsh will be referred to simply as "Welsh" while Carl Welsh will be referred to by his full name.

1

On April 19, 2018, represented by his attorney Frank Cece, Welsh filed an answer to discovery and demanded trial. (Dkt. 17-8 at 21, 31–33). Welsh filed two subsequent written demands for trial on May 3, 2018, and June 7, 2018. (Dkt. 17-8 at 36, 39). At the May 3, 2018, hearing, Cece indicated the trial would be a bench trial. (Dkt. 17-9 at 10). On June 28, 2018, the date set for trial, the State successfully moved to continue the case to July 10, 2018, which "would be term." (Dkts. 17-8 at 43; 17-9 at 16–17).

On July 10, 2018, the State reported their witnesses were present, they were ready for the demand, and had tendered an offer to Welsh that morning which he was still considering. (Dkt. 17-9 at 31). The State offered to amend the charges against Welsh to the lesser crime of armed robbery with a bludgeon and a sentence of 13 years at 50% time, amounting to 6.5 years' imprisonment. (Dkt. 17-9 at 35–37). The Court allowed Cece to confer with Welsh regarding the offer. (Dkt. 17-9 at 31–32, 34). After conferring, Cece reported Welsh was "considering a jury" to which the Court requested the jury be brought up. (Dkt. 17-9 at 33). Cece informed the Court his "calendar does not allow a jury today" and was granted another opportunity to confer with Welsh. (Dkt. 17-9 at 33–34). After this second conference, Welsh executed a jury waiver and sought a bench trial that afternoon. (Dkt. 17-9 at 34–35). When asked whether he wished to accept the State's offer, Welsh "shook his head" and the Court granted Cece a third opportunity to confer with Welsh regarding the State's offer. (Dkt. 17-9 at 36–37). Upon returning, Welsh accepted the State's offer, was admonished by the Court, and entered a guilty plea. (Dkt. 17-9 at 37, 47–48).

Represented by Stephen Richards, Welsh moved to withdraw his guilty plea on August 8, 2018, which was amended on October 24, 2018. (Dkt.17-8 at 50–52; 69–74). In this motion, Welsh alleged he was deprived of effective assistance of counsel when Cece (1) failed to answer ready for a jury trial on July 10, 2018; (2) failed to move to dismiss based on speedy trial grounds; and (3) failed to secure a written recantation of Carl Welsh, the State's principal witness. (Dkt. 17-9 at 69–74). Welsh also claimed factual innocence. (Dkt. 17-9 at 69–74). On August 9, 2018, this time represented by Cece, Welsh filed another motion to withdraw his guilty plea in which he claimed he had inadequate time to consider the plea deal or discuss it with Cece and "felt under pressure to plea[d] guilty." (Dkt. 17-8 at 55–56).

At the January 8, 2019, evidentiary hearing on the motion to withdraw his guilty plea, Welsh testified that, on December 6, 2017, Carl Welsh voluntarily gave him $450 to settle a debt. (Dkt. 17-10 at 21). As to the July 10, 2018, hearing, Welsh testified he expected the trial would occur that day based on conversations "in the back" with Cece. (Dkt. 17-10 at 16). According to Welsh, Cece said a jury trial would take 3 to 4 days and, due to "other obligations," "all he could do was a bench trial, which was one day." (Dkt. 17-10 at 17). Welsh testified he knew he was facing a minimum sentence of 21 years' imprisonment and his guilty plea was less than that minimum. (Dkt. 17-10 at 28). Welsh explained he pleaded guilty "[b]ecause of what happened in the courtroom between [his] father's side of the family, the family trying to fight [his] cousins, which is on [his] mother's side of the family[.]" (Dkt. 17-10 at

3

18). Following the hearing, the trial court denied Welsh's motion, finding the speedy trial term was a "nonissue" and Welsh's plea was voluntary. (Dkt. 17-10 at 46–47).

The Illinois Appellate Court upheld the trial court's decision on December 31, 2019. (Dkt. 17-1 ¶ 1). On May 27, 2020, the Supreme Court of Illinois denied Welsh's petition for leave to appeal. (Dkt. 17-6).

Welsh filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2254 on September 22, 2020. (Dkt. 1). In his habeas petition, Welsh argues Cece's failure to answer ready for a jury trial at the July 10, 2018, hearing rendered his assistance ineffective and the Illinois Appellate Court misapplied federal law in rejecting his claim. (Dkt. 3 at 9, 11).

## STANDARD OF REVIEW

As the Illinois Appellate Court adjudicated Welsh's claims on the merits, habeas review is subject to the highly deferential standard established by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Davis v. Ayala*, 576 U.S. 257, 269 (2015); (Dkt. 18 at 4). Welsh is not entitled to habeas relief unless:

> The adjudication of the claim . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

28 U.S.C. § 2254(d)(1); (Dkt. 18 at 4). A state court unreasonably applies federal law where it (1) identifies the applicable legal principle but unreasonably applies it to the facts of the case or (2) unreasonably refuses to extend a principle to a context in which it should apply. *Goudy v. Basinger*, 604 F.3d 394, 399 (7th Cir. 2010). Clear error by the state court is insufficient to render an adjudication unreasonable. *Perez-Gonzalez*

*v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018). A state court's decision is reasonable so long as "fairminded jurists could disagree on the correctness" of the decision. *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *see also Perez-Gonzalez*, 904 F.3d at 563. This standard is highly deferential to the state court and deliberately difficult to meet. *Perez-Gonzalez*, 904 F.3d at 562; *see also Dassey v. Dittmann*, 877 F.3d 297, 302 (7th Cir. 2017).

Claims of ineffective assistance of counsel, such as Welsh's petition, face another layer of deference beyond that owed by habeas review. *Hicks v. Hepp*, 871 F.3d 513, 526 (7th Cir. 2017) ("[The reviewing court] must employ a 'doubly deferential' standard, one which 'gives both the state court and the defense attorney the benefit of the doubt.'") (quoting *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). To demonstrate his right to counsel was violated by ineffective assistance, Welsh must meet the two-part standard set forth in *Strickland v. Washington*. 466 U.S. 668 (1984); *Hill v. Lockhart*, 474 U.S. 52, 58 (1985) (holding the *Strickland* standard applies to challenges to guilty pleas based on ineffective assistance of counsel); *U.S. v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021).

To satisfy *Strickland*, Welsh must demonstrate both constitutionally deficient performance on the part of his counsel and that he suffered prejudice as a result. *Fayemi v. Ruskin*, 966 F.3d 591, 593 (7th Cir. 2020). The performance prong of *Strickland* requires Welsh to show that Cece's representation fell below an objective standard of reasonableness. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012); *see also Smith*, 989 F.3d at 581. The habeas court "must apply a 'strong presumption' that

counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 689). To satisfy the prejudice prong, Welsh must "show a 'reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Smith*, 989 F.3d at 581 (quoting *Lee v. U.S.*, 137 S. Ct. 1958, 1965 (2017)). Failure to meet either one of the *Strickland* prongs is fatal to Welsh's claim. *Strickland*, 466 U.S. at 697.

## ANALYSIS

The Illinois Appellate Court correctly articulated the *Strickland* standard: Welsh "must establish that counsel's performance fell below an objective standard of reasonableness and [Welsh] was prejudiced by counsel's substandard performance." (Dkt. 17-1 ¶ 21). To warrant habeas relief, the Illinois Appellate Court's application of *Strickland* must be so erroneous as to be objectively unreasonable. *Rhodes v. Dittmann*, 903 F.3d 646, 655 (7th Cir. 2018).

### I. Performance

Welsh argues Cece's performance was constitutionally ineffective because, due to scheduling constraints, he failed to answer ready for a jury trial at the July 10, 2018, hearing. (Dkt. 3 at 12). Welsh has not identified, and the Court cannot find, precedent indicating this behavior is such a deviation from prevailing professional norms so as to render Cece's representation constitutionally incompetent. *See Harrington*, 562 U.S. at 105. Nor was the Illinois Appellate Court's application of *Strickland* in reaching its holding on the matter of Cece's performance unreasonable.

6

The Illinois Appellate Court conducted a thorough review of the relevant facts of the July 10, 2018, hearing. (Dkt. 17-1 ¶¶ 23–27). In addition to finding Welsh was properly admonished by the trial court and entered into his plea knowingly and voluntarily, the Illinois Appellate Court noted Cece conferred with Welsh three times, answered ready for a bench trial, and secured a plea offer to a reduced charge and a sentence below the minimum available if Welsh proceeded to trial. (Dkt. 17-1 ¶¶ 28–29). Welsh's contention that the Illinois Appellate Court based its determination solely on its finding that Welsh pleaded guilty knowingly and voluntarily is simply not born out by the record. (Dkt. 3 at 13–14).

The Illinois Appellate Court did not unreasonably apply *Strickland* in concluding Cece's representation was not ineffective.

## II. Prejudice

Welsh's failure to make a sufficient showing as to *Strickland*'s performance prong alone is fatal to his habeas petition. *Strickland*, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."). Yet, even if this Court had found that Wesh's counsel was ineffective, which it has not, Welsh could never establish prejudice.

Welsh first argues prejudice may be presumed under the standard established in *U.S. v. Cronic*. 466 U.S. 648 (1984); (Dkt. 3 at 11). *Cronic* is an "exceedingly narrow" exception to *Strickland* which affords a presumption of prejudice in "three exceptional circumstances: when there is a 'complete denial of counsel,' where

7

'counsel entirely fails to subject the prosecution's case to meaningful adversarial testing,' or where outside circumstances prevent effectiveness." *Smith v. Brown*, 764 F.3d 790, 796 (7th Cir. 2014) (quoting *Miller v. Martin*, 481 F.3d 468, 472 (7th Cir. 2007)); *Morgan v. Calderone*, 355 Fed. Appx. 53, 55 (7th Cir. 2009) (quoting *Cronic*, 466 U.S. at 659–60). Welsh maintains Cece's failure to answer ready for a jury trial at the July 10, 2018, hearing constituted a "complete denial of counsel" and a failure to "subject the prosecution's case to meaningful adversarial testing." (Dkt. 3 at 15).

"Complete denial of counsel" is rare and present "in 'situations in which counsel has entirely failed to function as the client's advocate'" and is "on par with total absence." *Lewis v. Zatecky*, 993 F.3d 994, 997 (7th Cir. 2021) (quoting *Florida v. Nixon*, 543 U.S. 175, 189 (2004)); *Schmidt v. Foster*, 911 F.3d 469. 479 (7th Cir. 2018) (quoting *Wright v. Van Patten*, 552 U.S. 120, 125 (2008)). Answering ready for bench trial but not jury trial due to scheduling constraints is not among these exceptional cases. *See, e.g., Schmidt*, 911 F.3d at 480–81 (finding no complete denial where counsel was prohibited from participating in an *in camera* review); *McDowell v. Kingston*, 497 F.3d 757, 762–63 (7th Cir. 2007) (failure to lead petitioner through questions and answers during his testimony); *c.f., Lewis*, 993 F.3d at 1006 (finding complete denial where counsel wholly failed to prepare for or participate in petitioner's sentencing).

Nor do Cece's actions constitute a failure to "subject the prosecution's case to meaningful adversarial testing." This application of *Cronic* is triggered by an attorney's complete failure to test the prosecutor's case as opposed to failure to do so

8

at specific points in the litigation. *Bell v. Cone*, 535 U.S. 685, 696–97 (2002); *compare Miller*, 481 F.3d at 473 (holding attorney's admission he "did nothing" at sentencing constituted a complete failure) *with Smith*, 764 F.3d at 797 (counsel's failure not complete where limited to specific points in proceeding); *McDowell*, 497 F.3d at 763–64 (failure to lead petitioner through questions and answers during testimony not compete). At best, Cece's failure to answer ready for jury trial amounts to a prospective failure, an apparently novel application of this aspect of *Cronic*.

As *Cronic* does not apply, prejudice may not be presumed. Welsh argues the Illinois Appellate Court did not apply *Strickland* when evaluating prejudice but, instead, the Illinois standard for granting a motion to withdraw a plea. (Dkt. 3 at 14–15) (citing "defense worthy of consideration" and "articulating a plausible defense" as references to the Illinois standard). If, as here, the state court articulates the correct standard, courts in this circuit "do not attribute to the state's judiciary an unexplained replacement of the correct standard with an incorrect one." *Fayemi*, 966 F.3d at 594; *Olvera v. Gomez*, 2 F.4th 659, 670 (7th Cir. 2021) (quoting *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)) ("When examining a state court's articulation of the *Strickland* standard, we must keep in mind 'the presumption that state court's know and follow the law.'") (Dkt. 17-1 ¶¶ 22–22).

The question, then, is whether the Illinois Appellate Court's determination that Welsh did not suffer prejudice was an unreasonable application of *Strickland*. It was not. The Illinois Appellate Court noted that the State's plea offer was to a reduced charge and a sentence 8 years below the minimum Welsh would face at trial.

9

(Dkt. 17-1 ¶ 9). Further, the Illinois Appellate Court found that Carl Welsh would testify at trial that Welsh robbed him of $450 with a handgun. (Dkt. 17-1 ¶ 31). The Illinois Appellate Court did not find Welsh's account of the interaction with Carl Welsh compelling or likely to result in acquittal. (Dkt. 17-1 ¶ 32). Based on these findings, the Illinois Appellate Court determined that Welsh failed to demonstrate "a reasonable probability that, absent counsel's errors, [he] would have pleaded not guilty and insisted on going to trial."). (Dkt. 17-1 ¶ 22). Of course, had Welsh proceeded to trial and been convicted, he would have faced the mandatory minimum of 21 years, far in excess to what he received through his guilty plea. Based on the conflicting evidence and the recanted and then reasserted testimony of his cousin, the risk of conviction was high. It can hardly be said that Welsh was prejudiced by a guilty plea that took his sentence far below the conviction range on a case with conflicting evidence.

The Illinois Appellate Court did not unreasonably apply *Strickland* in concluding Welsh was not prejudiced by Cece's representation. Welsh's petition for habeas is denied.

### III. Certificate of Appealability

Welsh must obtain a certificate of appealability to appeal denial of his habeas petition. 28 U.S.C. § 2253(c)(1)(A); *Jennings v. Stephens*, 574 U.S. 271, 275 (2015). Such a certificate is appropriate where the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Jennings*, 574 U.S. at 282. A substantial showing is present where "reasonable jurists could debate

10

whether . . . the petition should have been resolved in a different manner." *Welch v. U.S.*, 136 S. Ct. 1257, 1263 (2016) (internal quotations and citations omitted).

For the reasons discussed above, Welsh has not made such a showing. The Illinois Appellate Court's rejection of his ineffective assistance of counsel claim quite plainly cannot be deemed an unreasonable application of federal law. The Court declines to issue a certificate of appealability.

## **CONCLUSION**

Welsh's petition for habeas corpus is denied. (Dkt. 3). The Court declines to issue a certificate of appealability. The Clerk is instructed to enter a final judgment in favor of Respondent and against Welsh. Civil case terminated.

_____
Virginia M. Kendall
United States District Judge

Date: August 17, 2021